UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWIDE, INC.,** | Civil Action Number: |
| Plaintiff, | 10-cv-5354 (WJM) (MF) |
| v. | OPINION |
| **URMITA, INC.,** an Alabama Corporation; **TEJASH PATEL,** an individual; and **NARENDRA PATEL,** an individual, | HON. WILLIAM J. MARTINI |
| Defendants. | |

**OPINION**

This action comes before the Court on the motion of Plaintiff Super 8 Worldwide, Inc. ("SWI") for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendants Urmita, Inc. ("Urmita"), Tejash Patel, and Narendra Patel ("Defendants"). Plaintiff's motion will be **GRANTED**.

**I.   BACKGROUND**

SWI, a South Dakota corporation with its principal place of business in Parsippany, New Jersey, is a franchisor of guest lodging facilities. Urmita is a corporation organized and existing under the laws of Alabama, where its principal place of business is located. Tejash Patel and Narendra Patel are principals of Urmita and are citizens of Alabama. 28 U.S.C. § 1332. The Court has personal jurisdiction over all Defendants pursuant to the agreement by and between Urmita and SWI ("Franchise Agreement") and pursuant to the separately signed Guaranty (Pl. Comp., Ex. C). Defendants expressly consented to the "non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey." (Pl. Comp., Ex. A; Ex. C.)

SWI entered into the Franchise Agreement with Urmita for the operation of a 68-room guest lodging facility located at 6349 Alabama Highway, Cullman, Alabama (the "Facility"). Urmita was obligated to operate the Facility as a Super 8 guest lodging facility for twenty years. Furthermore, Urmita agreed to make certain periodic payments to SWI for royalties, service assessments, taxes, interest, reservation system user fees,

and other fees ("Recurring Fees"), and to accurately report to SWI its monthly gross revenue for the purpose of determining the amount of Recurring Fees due SWI.

Section 11.2 of the Franchise Agreement governed SWI's termination rights. Under this section, SWI could terminate the Franchise Agreement, with notice to the Defendants, for various reasons. This included Urmita leasing the Facility or transferring, assigning, or conveying its interest without SWI's prior written consent. In the event that SWI terminated the Franchise Agreement pursuant to this section, Urmita was obligated to pay liquidated damages to SWI. Furthermore, section 17.4 provided that in the event of litigation, the non-prevailing party would pay all legal costs and expenses.

SWI also entered into a Satellite Connectivity Services Addendum ("Satellite Addendum") with Urmita. Pursuant to the Satellite Addendum, Urmita agreed that, in the event of a termination of the Satellite Addendum (including by virtue of termination of the Franchise Agreement), it would pay Satellite Addendum Liquidated Damages in the amount of $2,500.00 within 10 days following the date of termination.

Urmita transferred the Facility, notwithstanding the contractual provision prohibiting transfer (without prior consent from SWI) to Tejash Patel. In response, SWI terminated the Franchise Agreement. The termination letter further demanded immediate payment of past-due Recurring Fees and liquidated damages. Despite the termination of the Franchise Agreement, Tejash Patel continued to use the Super 8 title and marks. This continued despite SWI's numerous "cease and desist" letters.

SWI filed a complaint in this Court and service was made on the Defendants. The Defendants failed to make any timely response, *i.e.*, an answer or a motion. The Clerk subsequently entered default against Tejash and Narendra Patel and against Urmita. Plaintiff then filed this motion requesting entry of default judgment against Defendants. SWI now seeks to recover the Recurring Fees that were outstanding at the time of the termination of the Franchise Agreement, liquidated damages in the amount of $138,500.00 and attorneys' fees and costs totaling $11,413.27 from all Defendants. Plaintiff also seeks pre-judgment interest on the Recurring Fees and liquidated damages.

SWI also seeks damages and injunctive relief under the Lanham Act against Tejash Patel in connection with his continued use of the Super 8 marks in regard to the Facility.

## II.     STANDARD OF REVIEW

*Motion to Dismiss*. Federal Rule of Civil Procedure 55 governs default. After the clerk's entry of default pursuant to Rule 55(a), a plaintiff may then seek the court's entry of default pursuant to Rule 55(b)(2). *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). "Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Id.* (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

The district court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). The court is not required to conduct a hearing "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

*Lanham Act*. The court has discretion under the Lanham Act, which covers trademark infringement, to provide for the recovery of any damages sustained by the plaintiff. 15 U.S.C. § 1117(a). The federal courts have found lost royalties to be a proper measure of Lanham Act damages. *See, e.g.*, *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1565 (11th Cir. 1986). When granting a default judgment, courts (in the context of the Lanham Act) will routinely issue injunctions. *See Piquante Brands Intern., Ltd. v. Chloe Foods Corp.*, 2009 WL 1687484, at *6 (D.N.J. June 16, 2009); *cf.* Fed. R. Civ. P. 55 & 65.

## III.   DISCUSSION

Because Defendants failed to respond in any way to the Complaint, the Court must accept the truthfulness of SWI's well pled allegations. The Court finds that the longer SWI does not receive payment, the more it is harmed. Therefore, if default were denied, SWI would be prejudiced. In addition, it appears to the Court that Defendants were properly served and that SWI took all proper steps in bringing its motion for default. The Court is unaware of any litigable defenses available to these Defendants and finds that their failure to respond to the Complaint was the result of their own culpable conduct. It follows that the requirements for granting default judgment are satisfied.

*Damages Against Defendants*: SWI's first claim concerns Recurring Fees, including prejudgment interest, in the amount of $15,024.36. (Pl. Comp., Ex. A ¶ 7.3 (setting the interest rate at 1.5% per month. In support of its claim for damages, SWI submitted an itemized statement which sets forth the amount of Recurring Fees due. (Pl. Mot., Ex. B; Fenimore Aff. ¶ 36.) This evidence satisfies the legal standard, *i.e.*, a basis for damages is supported by record evidence.

SWI further requests $170,805.90 in liquidated damages (including prejudgment interest). Of this amount, $2,500 arises out of the express wording of the Satellite Agreement, and is therefore supported by record evidence. (Pl. Comp., Ex. B; Ex. C (Guaranty signed by Defendants Tejash and Narendra Patel in their individual capacities).) The remainder of the claim for liquidated damages flows from Section 12.1 of the Franchise Agreement. Finally, prejudgment interest accrues on all liquidated damages. The Court is satisfied that Plaintiff's claim for liquidated damages (and prejudgment interest) satisfies the legal standard here and determines the amount owed is $170,805.90.

3

Lastly, SWI requests attorneys' fees in the amount of $11,413.27. In support of this figure, SWI submitted a certification from its counsel which discusses the expenses incurred by SWI in connection with this matter, including filing fees, telephone charges, services of process fees, postage, and overnight courier expenses. (Stahl Cert. ¶¶ 17-19.) This evidence satisfies the legal standard, *i.e.*, a basis for damages is supported by record evidence

*Damages & Other Relief Against Tejash Patel.* SWI requests $125,768.64 for infringement damages pursuant to the Lanham Act for the time period that Tejash Patel used the Super 8 marks without authorization from and without compensating SWI. SWI bases its figure on an estimate of SWI's royalties, *i.e.*, the average monthly payments it would have been paid by Urmita based on Urmita's prior reported gross room revenue, multiplied by the number of months of infringement. That figure was then trebled pursuant to Section 1117(b) of the Lanham Act. The Court will enter a judgment for the amount sought.

SWI also requests that the Court enjoin Tejash Patel from the continued use of Super 8 marks. For the reasons explained above, SWI has satisfied its burden in regard to receiving injunctive relief. *See Fonovisa, Inc. v. Merino*, 2006 WL 3437563, at *3 (D.N.J. Nov. 27, 2006); *cf.* Fed. R. Civ. P. 65.

### IV.   CONCLUSIONS

For the foregoing reasons, SWI's motion for default judgment against Defendants is **GRANTED** and judgment shall be entered against Urmita, Tejash Patel, and Narendra Patel in the amount of $197,243.53. Additionally, judgment shall be entered against Tejash Patel in the amount of $125,768.64. Finally, Tejash Patel is enjoined from the continued use of the Super 8 marks.

An appropriate order and judgment follows.

                                                        s/ William J. Martini
**DATE: July 18, 2011**                          **William J. Martini, U.S.D.J.**